UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GINO Q., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-cv-06041-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of his application for Supplemental Security Income. He contends the ALJ erred by discounting his allegations, discounting certain medical opinions, and failing to discuss a statement written by agency personnel. Dkt. 10 at 2.[1] As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 32 years old, has a high school diploma, and has worked as a baker, restaurant janitor, and retail stockroom worker. Tr. 274, 313. In September 2016, he applied for benefits, alleging disability as of August 5, 2005. Tr. 234-39. His application was denied

---

[1] Plaintiff argues that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and findings at step five as well. Dkt. 10 at 17-18.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

initially and on reconsideration. Tr. 126-34, 138-44. After the ALJ conducted hearings in April and September 2018 (Tr. 32-99), the ALJ found Plaintiff not disabled. Tr. 16-26. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 2-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the application date.

**Step two:** Plaintiff's depression and anxiety are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: he can perform simple, routine tasks. He can tolerate occasional interaction with co-workers and the public. He needs to work within 30 seconds (walking) of a bathroom.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 16-26.

## DISCUSSION

**A.   Plaintiff's testimony**

The ALJ discounted Plaintiff's testimony because (1) the disabling symptoms he described at the hearing are not corroborated anywhere in the record; and (2) his only activity limitations resulted from his financial straits, rather than his mental impairments. Tr. 22-23.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

Plaintiff argues these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).

Plaintiff argues the ALJ failed to identify any meaningful inconsistencies between his testimony and the medical record. Dkt. 10 at 9. Plaintiff is incorrect: the ALJ contrasted Plaintiff's hearing testimony regarding his inability to maintain a work schedule with the medical record, which does not reflect any reporting or observation of those symptoms:

> When asked why he could not do a simple, unskilled job, the claimant testified he would not be able to keep a consistent schedule. He stated his body and his brain shut down on him, such that he would not be fully oriented. He said he would not know the time, day, date, his location, or even who he was, and for this reason, he could not be a reliable employee. I note that there is no evidence whatsoever of anything like this at any point during the period at issue. No source reported having observed an altered mental status. The claimant's treating sources have stated the claimant has been fully oriented and engaged with treatment, and he has been able to relate to them in a satisfactory manner. He reported some symptoms of anxiety and depression that he continued to experience throughout the period at issue, and the State agency psychological consultants remarked that this might mean the claimant would be limited to simple, routine tasks, in a low traffic environment. However, such [an RFC] assessment does not result in a finding that the claimant is disabled.

Tr. 22. Here, the ALJ explained the disabling symptoms Plaintiff described were not supported in the record, and pointed to findings that contradicted Plaintiff's allegations of disorientation. Plaintiff argues even if these symptoms were not corroborated in the record, it would not prove that he does not experience those symptoms. Dkt. 10 at 10. Plaintiff has not shown, however, that the ALJ erred in finding the lack of evidence to support Plaintiff's allegations undermined the reliability of his allegations. *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ did not err in discounting a claimant's allegations based on his failure to report to his providers the symptoms he now claims are disabling).

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1     The ALJ also discounted Plaintiff's allegations of disability as inconsistent with his wide

2 range of activities, which were limited only by his lack of funds, rather than his medically

3 determinable impairments. Tr. 21, 23. Plaintiff claims none of his activities were inconsistent

4 with his allegations, or demonstrate transferable work skills. Dkt. 10 at 10. The ALJ's decision

5 points out how his allegations were contradicted by his activities, however: the ALJ noted

6 Plaintiff "reported difficulty remembering things, completing tasks, and concentrating," but he

7 also reported the ability to play multiple instruments, prepare meals, help his son with his

8 homework, complete personal care activities and household chores, play video games, and drive.

9 Tr. 21. The ALJ did not err in finding Plaintiff's allegations to be inconsistent with these

10 activities, or in discounting Plaintiff's allegations on this basis. *See Orn v. Astrue*, 495 F.3d 625,

11 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's

12 testimony or (2) "meet the threshold for transferable work skills").

13     Because the ALJ provided clear and convincing reasons to discount Plaintiff's

14 allegations, the Court affirms this portion of the ALJ's decision.

15 **B.     Medical opinions**

16     Plaintiff challenges the ALJ's assessment of the opinions of examining psychologist

17 Terilee Wingate, Ph.D., and treating therapist Judith Oliver, LMHCA. The Court will consider

18 each provider's opinion in turn.

19     **1.     Dr. Wingate**

20     Plaintiff was examined twice by Dr. Wingate, in 2016 and 2018. Tr. 325-32, 494-502.

21 Dr. Wingate identified several marked limitations in both of her opinions. The ALJ explained he

22 discounted those portions of her opinions because these limitations are inconsistent with the

23 many normal findings included in Dr. Wingate's reports as well as the treatment record. Tr. 21-

1    22, 24.  Specifically, the ALJ cited treatment records showing Plaintiff's full orientation, ability

2    to get along with others, and ability to complete simple tasks, as well as Plaintiff's self-reported

3    ability to complete a wide range of activities.  Tr. 24.

4         Plaintiff argues Dr. Wingate's opinions were in fact consistent with her clinical

5    observations and with Plaintiff's treatment record.  Dkt. 10 at 4.  He also contends the ALJ erred

6    in focusing on the activities Plaintiff reported an ability to do in his function report, rather than

7    focusing on the limitations he described.  Dkt. 10 at 5.  Plaintiff's arguments are unpersuasive.

8    Dr. Wingate's mental status examinations were largely normal, and the "clinical findings"

9    section of Dr. Wingate's reports consist entirely of Plaintiff's self-report rather than clinical

10   opinion.  *See* Tr. 326, 328-29, 495, 497-98.  Plaintiff asserts without any citation that Dr.

11   Wingate's conclusions are consistent with the treatment record (Dkt. 10 at 5), and his assertion is

12   thus inadequate to show error in the ALJ's interpretation.  Plaintiff has not met his burden to

13   show the ALJ erred in finding Dr. Wingate's description of marked limitations to be unsupported

14   in her own reports as well as the remainder of the record, or in discounting the opinions on that

15   basis.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an

16   opinion presenting inconsistencies between the opinion and the medical record).

17        Furthermore, although Plaintiff did report a variety of physical limitations in his function

18   report, Dr. Wingate's opinion did not pertain to physical limitations.  *See* Tr. 255.  Notably,

19   Plaintiff reported an ability to complete a variety of tasks, such as shopping, meal preparation,

20   housework, and caring for his son, which contradicts Dr. Wingate's description of his

21   limitations.  Tr. 251-56.  The ALJ did not err in finding Dr. Wingate's opinions to be

22   inconsistent with Plaintiff's activities, or in discounting the opinions on that basis.  *See Rollins v.*

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

1  *Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating
2  physician's opinion that was inconsistent with the claimant's level of activity).

3  Because the ALJ provided specific, legitimate reasons to discount Dr. Wingate's
4  opinions, the Court affirms this portion of the ALJ's decision.

5  **2.     Ms. Oliver**

6  Ms. Oliver completed a form opinion in July 2018, rating Plaintiff's limitations in a
7  variety of areas and concluding he "exhibits marked inability to sustain a regular work routine,
8  due to significant physical and psychological factors." Tr. 491-93. The ALJ found Ms. Oliver
9  failed to identify the psychological factors that were disabling, and thus her opinion lacked the
10 function-by-function analysis that is relevant to the ALJ's RFC assessment. Tr. 24. The ALJ
11 also found "[t]o the extent that any of Ms. Oliver's remarks suggest the claimant cannot maintain
12 a full time work schedule on a regular and continuing basis, I give those opinions little weight, as
13 they are not supported by her own treatment records showing relatively benign findings." *Id*.

14 The ALJ appears to have overlooked the checkbox ratings section of Ms. Oliver's
15 opinion, which indicates the basis for her conclusion. Tr. 491-93. Thus, the ALJ's first reason to
16 discount Ms. Oliver's opinion is not valid. But the ALJ's second reason is valid: Ms. Oliver's
17 treatment notes do not include findings describing marked functional limitations. *See* Tr. 503-
18 617. Plaintiff contends Ms. Oliver's notes are in fact consistent with her opinion, namely that
19 the notes describe Plaintiff as tired, sad, and fatigued. Dkt. 10 at 6 (citing Tr. 610-11.) Despite
20 those symptoms, Plaintiff was able to attend his appointments, and such symptoms do not
21 suggest any particular functional limitations. Ms. Oliver's treatment notes indicate Plaintiff
22 regularly sought treatment for mental conditions, but they do not contain findings suggesting his
23 symptoms caused significant mental limitations. Tr. 503-617. Plaintiff has failed to show the

ALJ harmfully erred in discounting Ms. Oliver's opinion as inconsistent with her treatment records, and the Court therefore affirms this portion of the ALJ's decision.

### 3. Other medical evidence

Plaintiff summarizes other medical evidence in his opening brief (Dkt. 10 at 6-8), which he contends corroborates his own testimony as well as the opinions of Dr. Wingate and Ms. Oliver. Plaintiff does not identified an error in the ALJ's decision pertaining to this evidence, or shown that these findings undermine any of the ALJ's reasons to discount his testimony or the medical opinions. As Plainiff's recitation of his view of the medical record does not establish error, he has failed to show the ALJ harmfully erred and the Court declines to address this evidence further.

### 4. State agency opinions

Plaintiff argues the ALJ erred in crediting the State agency opinions without acknowledging that these opinions are inconsistent with the opinions of Dr. Wingate and Ms. Oliver. Dkt. 10 at 8-9. The ALJ did acknowledge the State agency opinions were inconsistent with Dr. Wingate's opinions, however. *See* Tr. 24. In any event, an ALJ does not err in crediting a State agency opinion unless it is contradicted by all the other evidence in the record, which Plaintiff has not established. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Thus, Plaintiff has not shown that the ALJ erred in crediting the State agency opinions.

## C. Lay statements

During an interview related to Plaintiff's benefits application, agency personnel observed that Plaintiff avoided eye contact and had a flat affect. Tr. 267. The ALJ did not discuss these observations, and Plaintiff argues the ALJ harmfully erred. Dkt. 10 at 17. However, Plaintiff fails to establish any prejudice caused by the ALJ's failure to discuss these observations because

1  they do not suggest any particular functional limitation that was omitted from the RFC

2  assessment. The ALJ included significant cognitive and social limitations in the RFC assessment

3  (Tr. 20), which are arguably consistent with the agency employee's observations. Accordingly,

4  the Court finds that no prejudice resulted from the ALJ's failure to explicitly discuss the

5  observations.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 8